MEMORANDUM
TO THE HONORABLE STERLING JOHNSON, JR.
SENIOR UNITED STATES DISTRICT JUDGE

RE: Sean Kirkham

DOCKET NO.: 97-CR-1065

Status Report/Recommendation

Reference is made to the above-captioned individual, who was sentenced by Your Honor on March 29, 2000, to fifty-seven (57) months custody and three (3) years supervised release. This sentence followed a conviction for a violation of 18 USC 1001, Making False Statements to Special Agents of the Federal Bureau of Investigation and Drug Enforcement Administration, and 18 USC 3146(a)(1), Failure to Appear. No special conditions were imposed.

By way of background, on June 3, 2003, the Court authorized the issuance of a warrant for the releasee's arrest. This was due to charges that the releasee violated the terms of his supervised release by leaving the Judicial District without permission.

As detailed in our memo to Your Honor dated June 9, 2005, the Probation Department recommended that execution of the warrant be held in abeyance, in order to allow the releasee to enter the United States from Canada. This recommendation was pursuant to preliminary information provided by the releasee to the Federal Bureau of Investigation ("FBI") of a possible terrorist attack on United States Military interests in Bulgaria. The FBI had requested this authorization in order to investigate these allegations further. Your Honor subsequently authorized our request on June 15, 2005, to temporarily hold the warrant in abeyance.

The purpose of this memorandum is to inform Your Honor that the FBI has interviewed the releasee extensively, and has deemed that the information provided by him is not credible. Specifically, FBI agents attempted to corroborate much of the information provided by the releasee, with respect to the alleged attack and it's perpetrators, with little or no success. In addition, the FBI monitored email correspondence between the releasee and the alleged conspirators to determine the veracity of the releasee's allegations; however, these correspondences revealed little of value. Based on the above, FBI agents concluded that the releasee's allegations were derived largely from conjecture without basis in reality. Once the FBI concluded that the releasee's information could not be substantiated, he was placed on a return flight back to Canada. The FBI informs that their interest in the releasee as an informant is now closed.

Based on the above information, we respectfully request that the Violation of Supervised Release Warrant be reinstated by Your Honor. In the event that the releasee returns to the United States, he will be arrested and returned before the Court to answer to the Violation of Supervised Release charges. A space has been reserved below for Your Honor's response.

RESPECTFULLY SUBMITTED:

TONY GAROPPOLO
CHIEF U.S. PROBATION OFFICER

PREPARED BY: _____
Carlos Colón
U.S. Probation Officer

APPROVED BY: _____
Andrew S. Bobbe
Senior Deputy Chief U.S. Probation Officer

June 22, 2005

☒ Concur with Recommendation to Reinstate Warrant:

_____  7/6/05
U.S. District Judge                Date

☐ Request Denied:

_____  _____
U.S. District Judge                Date

☐ Other Action:

_____  _____
U.S. District Judge                Date